IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUROBINDO PHARMA LTD.,<br><br>      Plaintiff,<br><br>v.<br><br>AZURITY PHARMACEUTICALS INC. AND AZURITY PHARMACEUTICALS IRELAND LIMITED,<br><br>      Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Aurobindo Pharma Ltd. ("Aurobindo"), through counsel, hereby brings its Complaint for Declaratory Judgment against Azurity Pharmaceuticals Inc. and Azurity Pharmaceuticals Ireland Limited (collectively "Azurity"), and alleges as follows:

**INTRODUCTION**

1.   This is a declaratory judgment action seeking a declaration of non-infringement ,and/or invalidity of United States Patent No. 8,795,725 ("the '725 patent"). Azurity listed the '725 patent with the Food and Drug Administration ("FDA") in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book"), as a patent that could reasonably be asserted against anyone marketing or seeking to market a generic version of Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg. Aurobindo has filed an Abbreviated New Drug Application ("ANDA") with FDA, seeking approval to market a generic form of Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg. As part of that application, Aurobindo certified that it did not infringe the '725 patent. Because the '725 patent is listed in the Orange Book, Azurity's failure to initiate litigation concerning the '725 patent may impair Aurobindo's

ability to market its generic form of Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg. Aurobindo thus seeks a declaratory judgment that it does not infringe the '725 patent and that the '725 patent is invalid.

## PARTIES

2. Aurobindo Pharma Ltd. is an Indian corporation having its principal place of business at Galaxy, Floors: 22-24, Plot No. 1, Survey No. 83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Rangareddy District, Hyderabad — 500032, Telangana, India.

3. On information and belief, Defendant Azurity Pharmaceuticals Inc. is an entity organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.

4. On information and belief, Azurity Pharmaceuticals Inc. develops, manufactures, markets, sells, distributes, and/or imports branded pharmaceutical products throughout the United States, including in this Judicial District.

5. On information and belief, Defendant Azurity Pharmaceuticals Ireland Limited is an Ireland company having a principal place of business at 1 Grand Canal House Street Upper, Ballsbridge, Dublin 4, D04 Y7R5.

6. On information and belief, Azurity Pharmaceuticals Ireland Limited is a wholly-owned subsidiary of Azurity Pharmaceuticals Inc.

7. On information and belief, Azurity Pharmaceuticals Ireland Limited, itself, and/or in cooperation with Azurity Pharmaceuticals Inc., develops, manufactures, markets, sells, distributes, and/or imports branded pharmaceutical products throughout the United States, including in this Judicial District.

## JURISDICTION AND VENUE

8. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984 (codified as amended at 21 U.S.C. § 355)) (hereinafter "Hatch-Waxman Amendments"), and the Medicare Prescription Drug, Improvement and Modernization Act of 2003, Pub. L. No. 108-173, 17 Stat. 2066 (2003) (hereinafter "MMA"), based upon an actual controversy between the parties to declare that Aurobindo is free, upon approval by the FDA, to manufacture, use, market, sell, offer to sell, and/or import Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product as described in ANDA 220257.

9. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Azurity Pharmaceuticals Inc. because it is a company organized and existing under the laws of Delaware and maintains a registered agent for service of process in Delaware at CT Corporation, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. This Court has personal jurisdiction over Azurity Pharmaceuticals Inc. because it, upon information and belief, directly or indirectly markets and sells pharmaceutical products throughout the United States and in this judicial district. Upon information and belief, Azurity Pharmaceuticals Inc. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a destination of Azurity Pharmaceuticals Inc.'s pharmaceutical products.

12. Upon information and belief, Azurity Pharmaceuticals Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by filing suit in this jurisdiction.

13. This Court has personal jurisdiction over Azurity Pharmaceuticals Ireland Limited in this action pursuant to Fed. R. Civ. P. 4(k)(2) because, on information and belief, Azurity Pharmaceuticals Ireland Limited is organized under the laws of Ireland and is not subject to any state's courts of general jurisdiction, and exercising jurisdiction over Azurity Pharmaceuticals Ireland Limited is consistent with the Constitution and laws of the United States.

14. This court has personal jurisdiction over Azurity Pharmaceuticals Ireland Limited because, upon information and belief, Azurity Pharmaceuticals Ireland Limited is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products and directly, or through its affiliates, manufactures, markets and sells pharmaceutical drug products throughout the United States and in this judicial district.

15. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), 1400 (b) and/or 21 U.S.C. §355.

## THE '725 PATENT

16. On its face, the '725 patent, entitled "*GABA analog prodrug sustained release oral dosage forms*," indicates it was issued by the United States Patent and Trademark Office on August 5, 2014. A true and correct copy of the '725 patent is attached as Exhibit A.

17. On information and belief, the '725 patent is controlled by Azurity Pharmaceuticals Inc. through a series of acquisitions that included XenoPort, Inc., the original assignee on the face of the '725 patent.

## BACKGROUND

18. In December 2003, Congress passed the Medicare Modernization Act of 2003 ("MMA"). Title XI of that Act entitled "Access to Affordable Pharmaceuticals," which included a provision allowing an ANDA applicant to bring a declaratory judgment action for invalidity or non-infringement of an Orange Book listed patent if the NDA holder does not sue within 45 days of receiving notice of a Paragraph IV certification. 21 U.S.C. §355(j)(5)(C).

19. Upon information and belief, Azurity Pharmaceuticals Inc. is the current holder of approved New Drug Application ("NDA") No. 022399 for HORIZANT® Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg.

20. Azurity identified the '725 patent to the FDA for listing in the Orange Book as a patent to which "a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" products containing Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg.

21. The '725 patent remain listed in the Orange Book with respect to NDA No. 022399, and Azurity maintains and continues to represent to the public that the '725 patent claims the drug approved in NDA 022399 or a method of using that drug, and that a claim of patent infringement could reasonably be asserted against any unlicensed ANDA applicant who attempts to market a generic version of the drug prior to the delisting or expiration of the '725 patent.

22. According to the Orange Book listings, HORIZANT® Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg or treatments using HORIZANT® Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg are claimed in the '725 patent.

23. Aurobindo has submitted ANDA 220257 for Aurobindo's Proposed ANDA for Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600

mg Product. Aurobindo's ANDA seeks FDA approval for the commercial manufacture, use, importation, offer for sale and sale of its generic Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product.

24. Aurobindo filed a certification under 21 U.S.C. §355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") certifying that the '725 patent will not be infringed by the manufacture, use, or sale of Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product.

25. In accordance with 35 U.S.C. §§355(j)(2)(B) and 21 C.F.R. §314.95, Aurobindo, on or about November 26, 2025, served Azurity with a Notice Letter informing Azurity of Aurobindo's ANDA seeking approval to engage in the commercial manufacture, use, importation, offer for sale, or sale of Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product before the expiration of the '725 patent. Aurobindo's Notice Letter included a Paragraph IV certification, that the '725 patent would not be infringed by the manufacture, use, or sale of Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product.

26. Under 35 U.S.C. § 271(e)(2)(A), Aurobindo's submission of the Paragraph IV certification to the FDA constitutes a "technical" act of infringement for subject matter jurisdiction purposes for each of the patents listed in the Orange Book. Furthermore, 35 U.S.C. § 271(e)(5) specifically provides that the Court shall have subject matter jurisdiction under section 2201 of title 28 for a declaratory judgment that an unasserted Orange Book patent is invalid or not infringed.

27. Because Azurity caused the FDA to list the '725 patent in the Orange Book but did not assert the '725 patent against Aurobindo, Aurobindo has a reasonable apprehension that Azurity will sue Aurobindo for infringement of the '725 patent.

28. An actual justiciable controversy exists between the parties as to the infringement and invalidity of the '725 patent.

29. To avoid legal uncertainty and to protect its substantial investment (and anticipated future investment) in Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product, Aurobindo has brought this declaratory judgment claim against the '725 patent.

## COUNT ONE:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '725 PATENT

30. Aurobindo repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

31. A case or controversy exists between Aurobindo and Azurity concerning the noninfringement of the '725 patent, which requires a declaration of rights by this Court.

32. Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product would not infringe any valid or enforceable claim of the '725 patent.

33. Aurobindo is entitled to a declaratory judgment that the commercial manufacture, use, offer for sale, sale or importation of Aurobindo's Proposed ANDA Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg Product would not infringe any valid or enforceable claim of the '725 patent.

## COUNT TWO:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '725 PATENT

34. Aurobindo repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

35. A case or controversy exists between Aurobindo and Azurity concerning the invalidity of the '725 patent, which requires a declaration of rights by this Court.

36. The '725 patent is invalid for failure to meet the requirements of patentability under 35 U.S.C. § 101, et seq. Aurobindo is entitled to a declaratory judgment that the '725 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Aurobindo respectfully requests the Court to enter judgment as follows:

A. Declaring that the claims of the '725 patent are invalid;

B. Declaring that the claims of the '725 patent have not been infringed by the filing of Aurobindo's ANDA 220257;

C. Declaring that the manufacture, marketing, use, offer for sale, sale and/or importation of the products that are the subject of Aurobindo's ANDA 220257 have not infringed, do not infringe, and would not, if marketed, infringe or induce or contribute to the infringement by others of any claims of the '725 patent;

D. Declaring that the Food & Drug Administration may approve Aurobindo's Abbreviated New Drug Application (No. 220257) concerning Gabapentin Enacarbil Extended-release Tablets, 300 mg and 600 mg whenever that application is otherwise in condition for approval, without awaiting any further order, judgment, or decree of this Court; that the judgment entered in this case is a judgment reflecting a decision that the '725 patent is not infringed pursuant to 21 U.S.C. §355(j)(5)(B)(iii)(I)(aa); and that the thirty-month period referred to in 21 U.S.C.

8

§355(j)(5)(B)(iii) and any other marketing exclusivity periods to which Azurity might otherwise be entitled with respect to the '725 patent are shortened to expire upon the date of entry of judgment in this case;

E. Awarding Aurobindo its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

F. Awarding Aurobindo such other relief that the Court deems just and proper under the circumstances.

Dated: February 27, 2026

Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street
Third Floor
Wilmington, Delaware 19801
Telephone:   302 999 1540
Facsimile:    302-762-1988
E-mail:       stamoulis@swdelaw.com

*Attorneys for Aurobindo Pharma Ltd.*